**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

ROBERT DEPALMA,

                            Plaintiff,

       v.                                       No. 14-CV-058
                                                (LEK/CFH)

NEW YORK STATE, et al.,

                            Defendants.
-----------------------------------------------------------------

**APPEARANCES:**                          **OF COUNSEL:**

ROBERT DEPALMA
Plaintiff Pro Se
11-A-2691
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, New York 12821

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Robert Depalma ("Depalma"), pursuant to 42 U.S.C. § 1983. Compl. (Dkt. No. 1). Depalma has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2.

### I. DISCUSSION

### A. Application to Proceed IFP

Depalma has submitted an IFP Application. After reviewing the information provided therein, the Court finds that Depalma may properly proceed with this matter IFP.

## B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Depalma brings this action pursuant to 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Depalma asserts that on February 24, 2011, defendant Investigator Don and two unnamed New York State Troopers used excessive force against him. Compl. at 8. Specifically, Depalma stated that he arrived at a friend's residence and upon exiting his vehicle, three men in black jackets and caps exited a van behind him. Id. The three men approached and screamed at Depalma without identifying themselves. Id. Depalma did not understand what was being said to him and fled in fear for his life. Id.

After he advanced a few yards, Depalma heard one man say, "Police Freeze." Compl.

2

at 8. Depalma stopped immediately, raised his hands above his head, and turned around. Id. Defendant John Doe #1 hit Depalma's right cheek bone with a pistol. Id. Depalma obeyed an order and lied down with his face turned to the right. Id. Doe #1 proceeded to hit Depalma with the pistol. Id. The other two men reached Depalma and defendant John Doe #2 proceeded to kick Depalma in the right ribs and right eye while Depalma was lying on the ground. Id. at 8–9. In an attempt to avoid being kicked in the right side, Depalma turned his head to the left. Id. at 9. Don proceeded to "slam and grind" his left knee into Depalma's left cheek while handcuffing Depalma, causing minor lacerations. Id.

Depalma asserts that defendants' actions caused him to suffer ongoing physical, mental, and emotional pain. Compl. at 9. In particular, immediately after the assault incident, Depalma's eye was swollen shut for over a week, which led to an eye infection. Id. Depalma's right eye was "over fifty percent hemorrhaged for more than six weeks." Id. Depalma asserts he sustained permanent scar tissue in his right eye socket with disfigurement as well as nerve damage, which caused him to develop sensitivity to light and "uncontrollable twitching at time[s]." Id. Depalma further contends that he developed an uncontrollable and irrational fear of being around groups of people and has difficulty with his sleep. Id. at 9–10. He now seeks monetary damages from defendants. Id. at 6.

### i. Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any

3

Foreign State." U.S. CONST. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340–41 (1979). Here, because Depalma only seeks monetary damages against the State of New York and the individual state defendants for acts occurring within the scope of their duties, the Eleventh Amendment bar applies and serves to prohibit claims for monetary damages against the State of New York and the individual defendants in their official capacities.

Accordingly, New York State should be dismissed from this action as a defendant and all claims against the individual defendants in their official capacities should also be dismissed.

### ii. Excessive Force

Depalma's complaint currently satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), which requires plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted). Depalma's contentions that (1) Doe #1 hit his cheek with a pistol while he had his hands above his head, (2) Does #1 and #2 hit and kicked him while he was on the ground, and (3) Don slammed a knee into his face while handcuffing

4

him, resulting in physical, mental, and emotional injuries, are sufficient to establish a plausible Fourth Amendment claim.

The Court notes that Depalma has named two "John Doe" defendants in this action which were involved in the alleged use of excessive force.  Depalma is advised that the United States Marshals cannot effect service on a "John or Jane Doe" defendant.  In the event that Depalma wishes to pursue this claim against these defendants, he shall take reasonable steps to ascertain their identities through discovery or otherwise.  Depalma may then file a motion to amend his pleadings and seek leave of the Court to add such individuals, by name, as defendants to this lawsuit.  Depalma is further advised that if these individuals are not timely served, this action will be dismissed as against them.

**WHEREFORE**, it is hereby

**ORDERED**, that Depalma's Motion to Proceed In Forma Pauperis (Dkt. No. 2) is **GRANTED**.[1]

**RECOMMENDED**, that all claims against New York State and the individual defendants in their official capacities be dismissed from this action; and it is further

**RECOMMENDED**, that the Court allow Depalma's claims alleging excessive force in violation of the Fourth Amendment be accepted for filing and that, upon receipt from Depalma of the documents required for service of process, the Clerk be directed to issue summonses, together with copies of Depalma's complaint, and forward them to the United States Marshal for service upon defendant Don, and that in addition the Clerk respectfully

---

[1] Plaintiff should note that although his in Forma Pauperis Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

be directed to forward a copy of the summons and complaint in this action, by mail, to the New York State Office of the Attorney General, together with a copy of this report and recommendation and any subsequent order issued by this Court; and it is further

**RECOMMENDED**, that Depalma be advised that all pleadings, motions and other documents related to this action must be filed with the Clerk of the United District Court, Northern District of New York, Fifth Floor, James T. Foley United States Courthouse, 445 Broadway, Room 509, Albany, New York 12207, and that any documents sent by any party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of that document was mailed to all opposing parties or their counsel, and that Depalma must promptly notify the clerk's office and all parties or counsel of any change in this address, and that his failure to do so will result in dismissal of this action.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within **FOURTEEN** days of service of this report. **FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993).

It is further **ORDERED** that a copy of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 27, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

6